UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JIMMIE YOUNGBLOOD,  )  <br> )  <br>   Plaintiff,  )  <br> )  <br>   v.  )  <br> )  <br> STATE OF FLORIDA,  )  <br> )  <br>   Defendant.  )  <br> ) | Civil Action No. 26-CV-11132-AK |

## ORDER

**KELLEY, D.J.**

Plaintiff Jimmie Youngblood, an inmate in custody of the Florida State Prison in Rainford, Florida, filed a *pro se* Complaint against the State of Florida. [Dkt. 1].  In the four-page, handwritten Complaint, Youngblood describes himself as a "mental health inmate housed in the Florida State Prison who is having a mental health breakdown." [Id. at 2].  He complains, among other things, that the Florida Department of Correction "is refusing to give [Youngblood] mental health treatment." [Id.].  He alleges the violation of his rights under the Americans with Disabilities Act and state prison policies. [Id. at 2].  In conclusion, Youngblood writes as follows: "Please contact the Florida Dept. of Corr. Secretary, Florida Dept. of Corr. Mr. Rick Dixon because this matter will [unintelligible] when I get home [and he is] serious [that he] need[s] mental health treatment." [Id. at 2].

Because Youngblood is a prisoner plaintiff, this action is subject to preliminary review pursuant to 28 U.S.C. § 1915A.  Section 1915A authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.

See 28 U.S.C. § 1915A(a) (screening).  In conducting this review, the Court liberally construes Youngblood's Complaint because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, even with a generous reading of the Complaint, it does not meet the screening requirements of 28 U.S.C. §1915A.  The Court is without personal jurisdiction over the Defendant State of Florida.  Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)).  A plaintiff consents to the personal jurisdiction of a court by bringing suit in that court. See Adam v. Saenger, 303 U.S. 59, 67 (1938).  However, as to a defendant, a court is precluded from asserting jurisdiction unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Here, the facts of this case have no connection to Massachusetts other than the fact that Youngblood filed his Complaint in this federal court.  There are no facts suggesting that the Defendant had any contact with Massachusetts such that it would anticipate being sued in federal court in Massachusetts to respond to events taking place outside Massachusetts.  In the absence of such allegations, the Court lacks personal jurisdiction over the Defendant against whom Plaintiff seeks relief.

In addition, a search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Youngblood filed a similar complaint in the United States District Court for the Middle District of Florida on February 23, 2026. See Youngblood v. State of Florida, No. 26-CV-00277-JEP-SJH (pending).

3

      For the foregoing reasons, it is hereby **ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §1915A(a).  The Clerk shall enter a separate order of dismissal.

      **SO ORDERED.**

Dated:  March 6, 2026                                                /s/ Angel Kelley
                                                                                     Hon. Angel Kelley
                                                                                     United States District Judge